NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSEPH ARUANNO, | : | Civil No. 09-1070 (JLL) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION** |
| JEFF SMITH, et al., | : | |
| Defendants. | : | |

It appearing that:

1. On March 3, 2009, Plaintiff, a civilly-committed sexually violent predator, submitted to the Clerk for filing a civil rights Complaint form, which states "Please See Attached Complaint," for the statement of facts and relief; three typewritten pages; one typewritten page dated March 9, 2009 and entitled "STATEMENT IN SUPPORT OF APPLICATION TO PROCEED AS INDIGENT;" and a typewritten cover letter in which Plaintiff asks the Clerk to file his lawsuit "as soon as possible since this is an emergency situation." (Docket entry #1.)

2. In the three typewritten pages attached to the form complaint, which pages Plaintiff apparently intends to be his allegations of fact, Plaintiff indicates that this case involves being denied access to proper medical care and access to the medical area, and asserts:

> [T]hey have created a situation where we the residents fear going to the medical area when I have really needed to I was prescribed certain things for which Administrator Cindy Sweeney has denied them and told me to buy my own.
>
> And when I have spoke to Dr. Gabriel about breathing problems due to indoor smoking, a serious black mold problem inside the building, indoor welding that has taken place since I have been

here, etc., and asked for outdoor yard access but was denied by Cindy Sweeney stating, "It was not my yard period," even though not one person was using the yard.

And though I am not a prisoner when we need to see a dentist we are taken to a state prison in Avenel from the hospital I/we are housed at in Kearny NJ for dental service for which even that I have been refused, as I will prove by institutional complaints I have submitted, as well as refused my requests to see a private dentist.

Also, when I have submitted medical request slips there has been times when I was never called out for which upon inquiring about this was told they never received it despite handing it to them personally as required.  And when I have been called out I have seen it take from 2 to 4 weeks for which by that time the flu/cold or other illness has subsided, but not before getting worse as is the case now with the cold or flu I have.

In closing this case is not just being denied medical treatment but being denied in fear of further commitment.  And being denied access to the medical area by the guards such as being thrown out for attempting and being denied that I am hesitant on going there in fear of being harassed, threatened, physically and mentally assaulted which is not therapeutic which is what this farce is supposed to be about.

In this case I am requesting immediate medical attention upon request without fear of further commitment or physical injury which would be declaratory and injunctive.  And for ten million dollars in punitive damages for the harm inflicted upon me physically and mentally, which ironically they also use to further my commitment.

Today, 3-1-09, I went to the medication line at 12:30 asking for only cough syrup and the nurse gave me a cup of pills and said I must take that before she would give me cough syrup.  At that point I said there is nothing prescribed by a doctor here, that pills make my stomach sick, and that one of the pills she was trying to give me, a little yellow one, makes me dizzy and groggy as well as sick to my stomach for which she told me that, "I had to do it her way or no way," which is not the first time she has done this to myself and others but must be the last time.

> And compounding this worse is that immediately upon questioning her about this asking for only the syrup Officer Smith told me to, "get the f— out of his line," which is not a isolated incident . . . all of this is not just as incompetent as unprofessional but clearly is not therapeutic. In closing as to Officer Smith we now see an escalating situation that has now gone critical and for which needs immediate attention.

(Docket entry #1-2 at pp. 8-10.)

3. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing fee for a civil complaint is $350.00. See 28 U.S.C. § 1914(a). When a civilly-committed person seeks permission to file a civil complaint in forma pauperis, he is required to submit "an affidavit that includes a statement of all assets such [person] possesses[,] that the person is unable to pay such fees or give security therefor[; s]uch affidavit shall state the nature of the action . . . and the affiant's belief that the person is entitled to redress." See 28 U.S.C. § 1915(a)(1).

4. An affidavit within the meaning of § 1915(a) is a sworn statement made under penalty of perjury. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 204 (1993) ("one who makes this affidavit exposes himself to the pains of perjury in a case of bad faith . . . . The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own, and against the filing of frivolous or malicious lawsuits funded from the public purse") (citations and internal quotation marks omitted).

5. Plaintiff's application to proceed in forma pauperis consists of one typewritten page, entitled "STATEMENT IN SUPPORT OF APPLICATION TO PROCEED AS INDIGENT". (Docket entry 1-3.)  Plaintiff asserts in his unsworn statement as follows:

> I ask this court to proceed with this case in indigent status for the following reasons.  Mainly the fact that the defendants have taken my job because I refuse to confess to a crime that I am innocent of . . . .  And though I have no income I still am forced to bu[y] certain necessities, which has become a problem, such as clothes & laundry detergent . . . .  I also have outstanding medical bills and credit card bills as well as court fines and fees and other legal expenses . . . .  And in order to eat nutritional food to supplement the small portions they serve here I was forced to bu[y] my own but I cannot do that any longer because I have no income.  I also have certain therapeutic expenses which I cannot afford either.  But the main reason I am indigent is because I was sent to prison for the first time in my life for a crime I did not commit which has prohibited me from supporting myself.

(Docket entry #1-3.)

6. The "STATEMENT IN SUPPORT OF APPLICATION TO PROCEED AS INDIGENT" (docket entry #1-3) submitted by Plaintiff fails to satisfy § 1915(a) in that it:

(A) is not sworn under penalty of perjury;

(B) does not include a statement of all assets Plaintiff has;

(C) does not contain a statement that Plaintiff is unable to pay the $350.00 filing fee; and

(D) does not state the nature of the action and Plaintiff's belief that he is entitled to redress.

7. Although Plaintiff states in a letter (docket entry #2) that "my life will be in danger once the defendants find out I submitted the complaint because they have threatened to kill me if I did so which may be the reason for the delay but I am not sure," his assertion of danger is not

factually supported, i.e., he does not indicate who threatened to kill him, the circumstances, or when the person made such a threat.  Moreover, as this case will be administratively terminated because Plaintiff has not prepaid the filing fee or submitted a complete request to proceed in forma pauperis, defendants will not be served or notified of this proceeding.  According to Plaintiff's statement, Plaintiff's life will not be in danger in the absence of defendants' knowledge of this action.  Thus, this Court concludes that immediate judicial action regarding Plaintiff's claims is not required.  See 28 U.S.C. § 1915(b)(4).

8. This Court will accordingly deny Plaintiff's application to proceed in forma pauperis without prejudice to reapplying or to prepayment of the filing fee.

9. An appropriate Order accompanies this Memorandum Opinion.


     /s/ Jose L. Linares
**JOSE L. LINARES, U.S.D.J.**